**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

BOBBY CARL LOCKLEAR; RUBY S.
LOCKLEAR,
<u>Claimants-Appellants,</u>

v.

TRACT 1 ROBESON COUNTY LAND,
One tract of real property with

buildings, appurtenances and
improvements thereto, being more
particularly described in Book 545,
Page 0407 of the Robeson County
Registry, being titled in the names
of Bobby Carl Locklear, and wife,
Ruby S. Locklear; and any and all
proceeds from the sale of said
property,
<u>Defendant.</u>

No. 95-2883

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Malcolm J. Howard, District Judge.
(CA-93-85-3-H)

Submitted: August 27, 1996

Decided: October 30, 1996

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William Lee Davis, III, Lumberton, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Stephen A. West, Assistant United States Attorney, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Carl Locklear was convicted of maintaining a place for distributing and using cocaine, and for the manufacturing and distribution of marijuana, in violation of 21 U.S.C. § 856 (1988). He received a sentence of fifty-one months imprisonment. His wife, Ruby S. Locklear, was convicted of establishing a drug manufacturing operation in violation of § 856, and was sentenced to serve fifteen months imprisonment.[1]

Following the Appellants' convictions and sentences for drug trafficking offenses, the government instituted civil in rem forfeiture proceedings under 21 U.S.C.A. § 881(a)(7) (West 1981 & Supp. 1996) for the real property used or intended to be used in or to facilitate a drug manufacturing operation. In addition to denying the allegations contained in the forfeiture complaint, the Appellants moved to dismiss the complaint on the grounds that the forfeiture violated the Double Jeopardy Clause and was excessive under the Eighth Amendment.

In ordering the forfeiture of the Appellants' real property, the dis-

_____

[1] Bobby Carl Locklear and Ruby S. Locklear will collectively be referred to as "the Appellants."

2

trict court found that the government had established probable cause for the forfeiture and that the Appellants had failed to put forth any reason to deny the forfeiture. We affirm.

The North Carolina State Bureau of Investigation conducted a six-year investigation into the Appellants' reputation for drug trafficking. Thereafter, a search of the Appellants' residence resulted in the discovery of marijuana seeds, marijuana plants, cocaine, cocaine residue, and drug-related paraphernalia both inside the residence and in the barns located on the property.[2]

The Appellants claim on appeal that the forfeiture of their property violated the Double Jeopardy Clause. The recent uncertainty regarding the effect of the Double Jeopardy Clause on civil forfeitures has now been clarified by United States v. Ursery , ___ U.S. ___, 64 U.S.L.W. 4565 (U.S. June 24, 1996) (Nos. 95-345, 95-346), which affirmed the Supreme Court's adherence to the two-part test refined in United States v. One Assortment of 89 Firearms, 465 U.S. 354, 363 (1984). Under this test, a court must first determine whether Congress intended for proceedings under the relevant forfeiture statute to be criminal or civil. If Congress' intent was to create a civil proceeding, then a presumption arises that the forfeiture does not implicate the Double Jeopardy Clause. Ursery, 64 U.S.L.W. at 4571-72 & n.3. Under the second step of the test, however, this presumption may be rebutted where "clearest proof" indicates that the forfeiture is so punitive in nature that the proceedings may not be fairly viewed as civil despite Congress' intent. Id.

Applying this test in Ursery, the Supreme Court first found that Congress clearly intended for forfeitures conducted under 21 U.S.C. § 881 to be civil proceedings. Id. at 4571. Having thus established a presumption against the double jeopardy bar, the Court departed from its examination of § 881 as a whole and asked instead whether the sections implicated in the case before it--subsections 881(a)(6) and (7)--were so punitive as to negate Congress' intent. This inquiry focused on the non-punitive goals served by these sections, explaining

_____

**2** The Appellants' son, Carl Dean Locklear, admitted that some, but not all, of the items belonged to him. He pled guilty to separate drug charges but was advised by his attorney not to testify in his parents' trial.

3

that § 881(a)(7) encouraged property owners to exercise greater care in the management of their property, made crime unprofitable, and could even be said to abate nuisances. Id. at 4572. Likewise, the Court found § 881(a)(6) to serve the non-punitive goal of ensuring that individuals reap no benefit from their criminal activity. In light of these goals, the Court determined that "there is little evidence, much less the `clearest proof ' . . . [to] suggest[ ] that forfeiture proceedings under . . . [these sections] are so punitive in form and effect as to render them criminal." Id. (citations omitted). Accordingly, the Court found, categorically, that forfeitures under § 881(a)(6) and (7) are "neither `punishment' nor criminal for purposes of the Double Jeopardy Clause." Id.

Therefore, we hold that under Ursery, the forfeiture of the Appellants' real property under § 881(a)(7) was not criminal punishment and thus did not implicate the Double Jeopardy Clause.

The Appellants also contend that the forfeiture was excessive under the Eighth Amendment. In United States v. Chandler, 36 F.3d 358 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3771 (U.S. Apr. 24, 1995) (No. 94-1143), this Court adopted a new three-part "instrumentality" test and rejected a "proportionality" test for determining excessiveness of an in rem forfeiture pursuant to the Excessive Fines Clause of the Eighth Amendment. Id. at 364-65. Under the three-part instrumentality test, a court must consider: "(1) the nexus between the offense and the property and the extent of the property's role in the offense, (2) the role and culpability of the owner, and (3) the possibility of separating offending property that can readily be separated from the remainder." Id. at 365. In measuring the relationship between the property and the offense, a court may take into account:

> (1) whether the use of the property in the offense was deliberate and planned or merely incidental and fortuitous; (2) whether the property was important to the success of the illegal activity; (3) the time during which the property was illegally used and the spacial extent of its use; (4) whether its illegal use was an isolated event or had been repeated;

4

and (5) whether the purpose of acquiring, maintaining or using the property was to carry out the offense.

Id. No one factor is dispositive, but the court must be able to conclude, under the totality of circumstances, that the property was a substantial and meaningful instrumentality in the commission of the offense or would have been had the offensive conduct been carried out as intended. Id.

Here, the Appellants clearly meet the first part of the Chandler test. The government presented a witness who testified that, on several occasions, she purchased cocaine from Bobby Carl Locklear at the Appellants' home. And she socially smoked marijuana with the Appellants at their home. In addition to recovering drugs and drug paraphernalia throughout the residence, pursuant to the search warrant, agents also recovered from the small front barn several clear plastic bags, with the corners cut out of them, a pair of scissors, a brown case containing a triple beam balance, which was covered in cocaine residue, and a bottle containing a mixture of mannitol and cocaine.[3] From the tobacco barn at the rear of the property authorities found a green garbage bag containing 450 grams of cocaine hidden among bales of hay. This evidence showed that the forfeited property was crucial to the success of the Appellants' drug manufacturing and distribution activities.

As for the second part of the Chandler test, the Appellants jointly owned the property and were found guilty of their charged offenses. See Chandler, 36 F.3d at 365. Finally, authorities seized only the property that related to the offense.

Under the totality of the circumstances, we find that the property was a substantial and meaningful instrumentality in the commission of the offense and that the forfeiture of the Appellants' real property was not excessive under the Eighth Amendment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[3] Mannitol is a common dilute found in the drug trade. (JA at 56).

5